IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 31, 2008

Charles R. Fulbruge III
Clerk

No. 07-50435

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

MARIA SERA DE AGUIRRE also known as, Maria M Aguirre also known as,
Magdalena Aguirre

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-01992

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Maria Sera De Aguirre pleaded guilty to importing and possessing more than 50 kilograms of marijuana. At sentencing, she claimed that she was entitled to a two-level reduction in her offense level because she met the "safety valve" criterion in USSG § 5C1.2(a). The district denied her the two-level reduction and sentenced her to 30 months in prison. De Aguirre now appeals,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contending that the district court misapplied the safety-valve standard. Finding no error, we AFFIRM.

1.  We review the district court's findings of fact pertaining to a safety-valve reduction for clear error and the district court's legal interpretation of the safety-valve standard de novo.[1]  Under USSG § 2D1.1(b)(11), a defendant is entitled to a two-level reduction in her offense level if she can meet the safety-valve requirements found in § 5C1.2.  That provision requires "the [district] court [to] find[] that the defendant" has met five conditions.[2]  Only the fifth condition is relevant here; it provides:

> [N]ot later than the time of the sentencing hearing, the defendant [must have] truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.[3]

The rule, by its plain terms, requires "the [district] court [to] find[] that the defendant" has "truthfully provided to the Government" all relevant information about the offense.[4]  In other words, the district court must find that the defendant has actually been truthful.

---

[1] United States v. Miller, 179 F.3d 961, 963–64 (5th Cir. 1999).

[2] USSG § 5C1.2(a).

[3] Id. § 5C1.2(a)(5).

[4] Id. § 5C1.2(a).

2.  De Aguirre contends that the court below mistakenly thought this fifth condition required it to determine only whether the government believed she was telling it the truth—not whether she was in fact telling the truth. De Aguirre reaches this conclusion by focusing on one statement the district court made at sentencing: "Motion for continuance is overruled. It's plain to me that the Government does not find her credible, so it's just a waste of time." (emphasis added). This statement, however, must be read in context. Just prior to this statement, De Aguirre asked the district court for a continuance so that she could speak to the government and clear up any confusion it might have about what she said. The statement, then, was a response to that request. The district court was overruling the request for continuance because there was no need to give De Aguirre more time to confer with the government when the government already did not believe her. In other words, the request for continuance would be, in the district court's words, "just a waste of time."

After this exchange, the district court asked De Aguirre if she had any other objections. She responded that she had none. She did not complain to the district court that it was not independently determining whether she had been truthful. Nor did she ask for an explicit ruling on her request for an evidentiary hearing.

Once the district court's comment about the government not finding De Aguirre credible is put into context, nothing else suggests that the district court applied the wrong legal standard. Instead, it appears that the district court agreed

with the government's argument that De Aguirre was not being honest when she said she had been collecting information on a drug organization for 30 years. The district court's implicit factual finding that De Aguirre did not provide truthful information to the government is not clearly erroneous. Accordingly, the district court did not err in denying De Aguirre safety-valve relief.

AFFIRMED.